IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ITZEL MANDUJANO,

Plaintiff,

v.

ACRO, INC., d/b/a Gravity Autos Marietta,

Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-3887-TWT

**OPINION AND ORDER**

This is an employment action. It is before the Court post-judgment on the Defendant ACRO, Inc.'s ("ACRO") Motion for Relief under Rule 59 [Doc. 57]. For the following reasons, the Motion is GRANTED in part and DENIED in part.

## I. Background

This matter went to trial on March 16, 2026. A jury found in the Plaintiff Itzel Mandjuano's favor on a single claim of retaliation under Title VII, awarding her a total of $584,000 in damages comprised of $192,000 in back pay, $100,000 for emotional distress, and $292,000 in punitive damages. [Doc. 46]. ACRO now moves for relief from the judgment under Fed. R. Civ. P. 59(e) on the grounds that the verdict exceeded the statutory damages caps in 42 U.S.C. § 1981a and, alternatively, a new trial on damages and the issue of how many employees ACRO had is warranted.

## II. Legal Standards

Under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "[T]here are four appropriate grounds upon which to reconsider a judgment: (1) to correct manifest errors of law or fact, (2) to prevent manifest injustice, (3) to account for an intervening change in controlling law, and (4) to allow the moving party to present newly discovered or previously unavailable evidence." *Tenor Cap. Partners, LLC v. GunBroker.com, LLC*, 2022 WL 12464321, at *2 (N.D. Ga. Oct. 21, 2022), *rev'd on other grounds*, 2026 WL 972981 (11th Cir. 2026).

Rule 59(a) authorizes a court, following a jury trial, to grant a new trial "to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Although not an exhaustive list, a motion for a new trial may rest on claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery*

*Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

## III. Discussion

In its Motion, ACRO first argues that it employs less than 15 people and is therefore not covered by Title VII. (ACRO's Mot. for Relief, at 4). ACRO also argues that because the highest tier in Title VII's sliding scale for damages caps—which applies to employers with more than 500 employees—is $300,000 total for compensatory and punitive damages here, the Court must reduce the verdict to at least meet this cap. (*Id.* at 7-8). But, ACRO contends, the evidence presented at trial supports at most 70 employees at all seven Gravity Autos dealerships, so the $50,000 statutory cap for employing less than 101 employees should apply. (*Id.* at 8-9). To the extent the Court declines to amend the judgment, ACRO requests a new trial on damages and the issue of how many employees it had. (*Id.* at 9-10). The Plaintiff raises several arguments in response, but the one most pertinent to the Court's conclusion is its contention that ACRO failed to preserve this issue. (Pl.'s Resp. in Opp'n to Mot. for Relief, at 5-6). Based on the evidence admitted at trial, the Plaintiff asks the Court to apply the $300,000 cap to the non-back pay award and leave the back pay award undisturbed. (*Id.* at 6).[1]

[1] The Plaintiff raises additional and alternative arguments, including argument against granting a new trial. (*See* Pl.'s Resp. in Opp'n to Mot. for Relief, at 6-10).

To start, a Rule 59(e) motion is the appropriate vehicle to raise a statutory damages cap argument under 42 U.S.C. § 1981a(b)(3). As the statute mandates that damages cannot exceed $300,000 whenever the caps apply, the Court must correct the jury's damages award to conform to this statutory maximum cap. *Khatabi v. Car Auto Holdings LLC*, 177 F.4th 1134, 1143-44 (11th Cir. 2026) ("'Shall not' creates an obligation impervious to judicial discretion . . . [w]hen a court determines that the law does not permit an award, it has a mandatory duty to confirm the award to the requirements of the law." (citations modified)). However, "unlike the $300,000 maximum—which is the upper limit a plaintiff may recover under Title VII—the employee-headcount damages cap is a waivable affirmative defense." *Id.* at 1145. The employee-headcount damages cap can reduce the damages even further based on the number of employees the defendant had, but application of this cap is waived if it is not pled in an answer, listed in a pretrial order, or proposed in jury instructions. *See id.* at 1145-46 ("Because the employee-headcount cap was an affirmative defense, the dealership had to plead the defense in its answer.").

As an initial matter, the Court notes that the *Khatabi* decision issued after briefing on the present Motion was completed. In its reply brief, ACRO relies on a prior decision of this Court pre-*Khatabi* in a similar case where the Court had to rely on district court decisions to determine whether the statutory

damages caps, including the employer-headcount cap, was an affirmative defense. (*See* ACRO's Reply in Supp. of Mot. for Relief, at 3-4). However, the Court is now bound by the *Khatabi* decision. The parties agree that the $300,000 maximum damages cap must apply, so the remaining question is whether an employee-headcount damages cap applies. But because the Plaintiff argues that ACRO has waived the employee-headcount damages cap—and it is now clear this is a waivable affirmative defense—the Court addresses the waiver issue first.

Turning first to ACRO's Answer, there is no mention of the statutory damages caps in § 1981a(b)(3), despite the 22 other affirmative defenses it raised. (*See* Answer, at 8-13). Although ACRO pled that it reserved the right to raise other defenses as discovery unfolded, it did not raise the statutory damages cap issue in the pretrial order, either. (*Id.* at 12); [Doc. 17 (Proposed Pretrial Order) at 38-41]. Nor did it request a jury charge on the issue. [*See* Doc. 20]. For all of these reasons, the Court finds that ACRO waived the employee-headcount damages cap defense. *See Khatabi*, 177 F.4th at 1143-44. Accordingly, the Court will grant ACRO's Motion for Relief in part and reduce the jury's compensatory and punitive damages award from a total of $392,000 to a total of $300,000. *See* 42 U.S.C. § 1981a(b)(3)(D). This adjustment does not impact the jury's award of $192,000 in backpay. *See* 42 U.S.C. § 1981a(b)(2). But because ACRO waived application of the employee-headcount damages

cap, the Motion is denied as to all other relief requested therein.

## IV. Conclusion

For the foregoing reasons, the Defendant ACRO, Inc.'s Motion for Relief under Rule 59 [Doc. 57] is GRANTED in part and DENIED in part. The jury's award of $100,000 in compensatory damages and $292,000 in punitive damages, totaling $392,000, is REDUCED to a total award of $300,000, pursuant to 42 U.S.C. § 1981a(b)(3)(D). The Clerk is DIRECTED to enter an amended judgment reflecting this adjustment.

SO ORDERED, this 9th day of September, 2026.

Thomas W. Thrash

THOMAS W. THRASH, JR.
United States District Judge